Rossell, J.
— The 'reasons principally relied on for a reversal of this judgment, by the plaintiff in certiorari, is, that Shepard, a party in the covenant, is not named in the action.
I take it to be a general and sound principle of law, that a party to a covenant (except in cases of death, where heirs, executors or administrators bring the suit, or are sued) must be named in the action; and if this is not done, that he against whom the suit is instituted may plead in abatement, or, by craving oyer, demur generally to the aetion, as the case may be.
This doctrine is recognized in 1. Bacon’s Abridg. 533, and *257 more fully in Butter’s Nisi Prius, 158. In the case before us, the action before the justice below, was brought by Claudius Long, who expressly declares in his state of demand, that the covenant on which this suit was brought, was entered into by the then defendant, [*] and Thomas Shepard, guardian of the said Long.
This court, cannot, then, I think, on any sound principle, presume facts in favor of either of the parties, and in direct contradiction to their own declarations, and which, by their own act, has become a part of the record. This would be a violation of all established rules, and attended with the most dangerous consequences. It is true, the defendant would seem to admit, in his plea of abatement, sent up by the justice, that the plaintiff in the suit below, as well as Shepard, was a party to the covenant; at any rate, it appears that the covenants, on the part of M’Intosh, were for the sole benefit of the plaintiff below, but this does not alter the question; the authority from Bacon, cited above, and to which, if necessary, others might be added, goes fully to this point, and states: “If in an indenture between A. and B., of the one part, and C., of the other part, it is agreed between the parties, that C. shall enter into a bond to B., to pay him 100?. at a day; in an action for non-performance, A. and B. must join.” For these reasons I am clearly of opinion, that the justice below unlawfully overruled the defendant’s plea in abatement; and that, therefore, the judgment be set aside.
Pennington, J.
— It is difficult to discover by the pleadings of the parties, what the indenture on which the action is brought is; the state of demand alleges it to have been made between the defendant below, [200] John M’Intosh, and one Thomas Shepard, guardian to Claudius Long, the plaintiff below. The defendant, in his plea, alleges it to have been made on the one part, by Shepard and Long, jointly. The proceedings recorded by the justice, make *258 mention of an article besides the indenture. If it is an indenture drawn in conformity to our act of Assembly, all the covenants are between the plaintiff and defendant; but, I feel a difficulty in presuming a fact at variance with the allegation of the plaintiff himself. After verdict, however, I feel [*] a reluctance in reversing the judgment merely for error in the form of pleading or bringing the suit; for should the money be recovered in the name of Shepard, the guardian, it must be for the use of Long, the plaintiff. On the first view of this case, I thought that we might presume, that as Shepard, who made the indenture, is all along stated to be guardian to Long, that he made it for and in the behalf of his ward Long, which presumption would not be at variance with the state of demand. But on more mature reflection, I am of opinion, that we are not warranted in doing this; and the judgment must be reversed.
Crane, for plaintiff.
Kiekpatbick, C. J. — Concurred.
Judgment -reversed.